995 So.2d 445 (2008)
In re AMENDMENTS TO THE FLORIDA FAMILY LAW RULES.
No. SC08-1660.
Supreme Court of Florida.
October 16, 2008.
Robyn L. Vines, Chair, Family Law Rules Committee, Fort Lauderdale, FL, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Family Law Rules Committee (Committee) has filed a "Fast-Track Report to Implement Chapter 2008-61, Laws of Florida." The Committee proposes several amendments to the Florida Family Law Rules of Procedure, as well as several Family Law Rules of Procedure Forms, in order to conform to the recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.
The relevant legislation, chapter 2008-61, Laws of Florida, amended various sections of Chapter 61, Florida Statutes, and related statutes, to remove the references to "custody," "primary residential parent," "secondary residential parent," and "visitation." The statutes now require the court to create or approve a "parenting plan" which establishes how divorced parents will share the responsibilities of childrearing and decision-making with regard to the child and sets forth a time-sharing schedule. See generally Ch. 2008-61, §§ 2, 8, Laws of Fla. (amending §§ 61.046 and 61.13, Fla. Stat. (2007)). The effective date of this legislation is October 1, 2008.
In order to incorporate these legislative changes into the family law rules and forms, the Committee has proposed amendments to rules 12.010 (Scope, Purpose, and Title); 12.200 (Case Management and Pretrial Conferences); 12.210 (Parties); 12.363 (Evaluation of Minor Child); 12.491 (Child Support Enforcement); 12.610 (Injunction for Domestic, Repeat, Dating, and Sexual Violence); and 12.650 (Override of Family Violence Indicator); and forms 12.900(b) (Notice of Limited Appearance); 12.900(c) (Consent to Limited Appearance by Attorney); 12.902(e) (Child Support Guidelines Worksheet); 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings); and 12.930(c) (Standard *446 Family Law Interrogatories for Modification Proceedings). We adopt the amendments as proposed by the Committee.[1]
Accordingly, the Florida Family Law Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The forms are fully engrossed and ready for use. The amended rules and forms shall be effective immediately. Because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.

APPENDIX

RULE 12.010. SCOPE, PURPOSE, AND TITLE

(a) Scope.
(1) These rules apply to all actions concerning family matters, including actions concerning domestic, repeat, dating, and sexual violence, except as otherwise provided by the Florida Rules of Juvenile Procedure or the Florida Probate Rules. "Family matters," "family law matters," or "family law cases" as used within these rules include, but are not limited to, matters arising from dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, custodial care of or access toan action involving a parenting plan for a minor child or children (except as otherwise provided by the Florida Rules of Juvenile Procedure), adoption, proceedings for emancipation of a minor, declaratory judgment actions related to premarital, marital, or post-marital agreements (except as otherwise provided, when applicable, by the Florida Probate Rules), injunctions for domestic, repeat, dating, and sexual violence, and all proceedings for modification, enforcement, and civil contempt of these actions.
(2) [No change]

(b)-(c) [No change]

RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES

(a) Case Management Conference.
(1) Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court's initiative. A party may request a case management conference 30 days after *447 service of a petition or complaint. At such a conference the court may:
(A)-(L) [No change]
(M) refer the cause for a parenting plan recommendation, social investigation and study, home study, or psychological evaluation and allocate the initial expense for that study;
(N)-(O) [No change]
(2) [No change]
(b)-(d) [No change]

Commentary

[No change]

Committee Note

[No change]
RULE 12.210. PARTIES
Parties to an action filed under the Florida Family Law Rules of Procedure shall be governed by Florida Rule of Civil Procedure 1.210, except that rule 1.210 shall not be read to require that a child is an indispensable party for a dissolution of marriage or child custody proceedingaction involving a parenting plan for a minor child or children.

RULE 12.363. EVALUATION OF MINOR CHILD

(a) Appointment of Mental Health Professional or Other Expert.
(1) When the issue of visitation, parental responsibility, or residential placement ofa parenting plan for a minor child is in controversy, the court, on motion of any party or the court's own motion, may appoint a licensed mental health professional or other expert for an examination, evaluation, testing, or interview of any minor child or to conduct a social or home study investigation. The parties may agree on the particular expert to be appointed, subject to approval by the court. If the parties have agreed, they shall submit an order including the name, address, telephone number, area of expertise, and professional qualifications of the expert. If the parties have agreed on the need for an expert and cannot agree on the selection, the court shall appoint an expert.
(2)-(6) [No change]

(b)-(e) [No change]

Committee Note

[No change]

RULE 12.491. CHILD SUPPORT ENFORCEMENT
(a) [No change]
(b) Scope. This rule shall apply to proceedings for
(1) [No change]
(2) the enforcement of any support order for the custodial parent or other person entitled to receive child support in conjunction with an ongoing child support or child support arrearage order,
when a party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice.
(c)  (h) [No change]

Commentary

[No change]

Committee Note

[No change]

RULE 12.610. INJUNCTIONS FOR DOMESTIC, REPEAT, DATING, AND SEXUAL VIOLENCE
(a)-(b) [No change]
(c) Orders of Injunction.
(1) Consideration by Court.
(A)-(B) [No change]
*448 (C) Final Judgment of Injunction for Protection Against Domestic Violence. The court shall conduct a hearing and make a finding of whether domestic violence occurred or whether imminent danger of domestic violence exists. If the court determines that an injunction will be issued, the court shall also rule on the following:
(i) whether the respondent may have any contact with the petitioner, and if so, under what conditions;
(ii) exclusive use of the parties' shared residence;
(iii) petitioner's temporary custody oftime-sharing with the minor child or children;
(iv) whether respondent will have temporary visitationtime-sharing with the minor child or childrenwill occur and whether it will be supervised;
(v) whether temporary child support will be ordered;
(vi) whether temporary spousal support will be ordered; and
(vii) such other relief as the court deems necessary for the protection of the petitioner.
The court, with the consent of the parties, may refer the parties to mediation by a certified family mediator to attempt to resolve the details as to the above rulings. This mediation shall be the only alternative dispute resolution process offered by the court. Any agreement reached by the parties through mediation shall be reviewed by the court and, if approved, incorporated into the final judgment. If no agreement is reached the matters referred shall be returned to the court for appropriate rulings. Regardless of whether all issues are resolved in mediation, an injunction for protection against domestic violence shall be entered or extended the same day as the hearing on the petition commences.
(2) [No change]
(3) Service of Injunctions.
(A) [No change]
(B) Permanent Injunction.
(i) Party Present at Hearing. The parties may acknowledge receipt of the permanent injunction for protection against domestic, repeat, dating, or sexual violence in writing on the face of the original order. If a party is present at the hearing and that party fails or refuses to acknowledge the receipt of a certified copy of the injunction, the clerk shall cause the order to be served by mailing certified copies of the injunction to the parties who were present at the hearing at the last known address of each party. Service by mail is complete upon mailing. When an order is served pursuant to this subdivision, the clerk shall prepare a written certification to be placed in the court file specifying the time, date, and method of service and within 24 hours shall forward a copy of the injunction and the clerk's affidavit of service to the sheriff with jurisdiction over the residence of the petitioner. This procedure applies to service of orders to modify or vacate injunctions for protection against domestic, repeat, dating, or sexual violence.
(ii) [No change]
(4)-(7) [No change]

Commentary

[No change]

Committee Note

[No change]

RULE 12.650. OVERRIDE OF FAMILY VIOLENCE INDICATOR
(a) [No change]
(b) Definitions.
(1) "Authorized person" means a person as defined in 42 U.S.C. § 653(c) and *449 § 663(d)(2). It includes any agent or attorney of the Title IV-D agency of this or any other state, the court that has authority to issue an order or to serve as the initiating court in an action to seek an order against a noncustodial parent or other person obligated to pay child support for the support and maintenance of a child, or any agent of such court, the resident parent, or other person entitled to receive child support, legal guardian, attorney, or agent of a child (other than a child receiving assistance under 42 U.S.C. §§ 601 et seq.), and any state agency that administers a child welfare, family preservation, or foster care program. It also includes any agent or attorney of this or any other state who has the duty or authority under the law of such state to enforce a child custody or visitation determination or order establishing a parenting plan; the court that has jurisdiction to make or enforce such a child custody or visitation determination or order establishing a parenting plan, or any agent of such court; and any agent or attorney of the United States, or of a state, who has the duty or authority to investigate, enforce, or bring a prosecution with respect to the unlawful taking or restraint of a child.
(2) "Authorized purpose" means a purpose as defined in 42 U.S.C. § 653(a)(2) and § 663(b). It includes establishing parentage, establishing, setting the amount of, modifying, or enforcing child support obligations, or making or enforcing child custody or visitation orders or orders establishing parenting plans. It also includes enforcing any state or federal law with respect to the unlawful taking or restraint of a child.
(3)-(7) [No change]
(c)-(i) [No change]

Commentary

[No change]

Committee Note
2008 Amendment. Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as "custodial parent," "noncustodial parent," and "visitation" from Chapter 61, Florida Statutes. Instead, parents are to formulate a parenting plan that includes, among other things, their time-sharing schedule for their minor children. These statutory changes are reflected in the amendments to the definitions in this rule. However, because 42 U.S.C. § 653 includes the terms "custody" and "visitation," these terms have not been excised from the remainder of the rule.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b), NOTICE OF LIMITED APPEARANCE (10/08)

When should this form be used?
This form should be used to provide notice to the court and the other attorney or party when an attorney is making a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.
This form should be typed or printed in black ink. After completing and signing this form, the attorney should file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for his or her records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party or his or her attorney and to the attorney's client.

*450 Where can I look for more information?
See Florida Family Law Rule of Procedure 12.040.
IN THE CIRCUIT COURT OF THE
 ______________ JUDICIAL CIRCUIT,
 IN AND FOR
 ______________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
____________________,
 Petitioner,
 and
____________________,
 Respondent.

NOTICE OF LIMITED APPEARANCE
{Attorney's name} ______________ files this Notice of Limited Appearance on behalf of {name} ______________, [√ one only] () Petitioner () Respondent, for the following limited purpose(s) [√ all that apply]:
1. ___ The hearing set for {date} ______________, at {time} _____ on the issue(s) of {specify}

2. ___ To represent [√ one only] () Petitioner () Respondent on the following issues throughout the proceedings:
a. ___ Parental responsibility, including establishing a parenting plan.
b. ___ Equitable distribution of marital assets and liabilities.
c. ___ Alimony.
d. ___ Child support.
e. ___ Other {specify}: __________________________
The clerk of the above-styled court is requested to enter this notice of record.
Copies of all future court papers should be mailed to the undersigned attorney at the address listed and to the [√ one only] () Petitioner () Respondent at {name, address, and telephone number} _____________________________________ ________________________________________________________________.
I certify that a copy of this notice of limited appearance was: () mailed, () faxed and mailed, or () hand delivered to the person(s) listed below on {date} _______________.
Other party or his/her attorney:
Name: ________________________________
Address: ______________________________
City, State, Zip: ______________________
Fax Number: ___________________________
 _________________________________
 Signature of Attorney
 Printed Name: _________________
 Address: ____________________
 City, State, Zip: _______________
 Telephone Number: _______________
 Florida Bar Number ______________
 _________________________________
 Signature of Petitioner/Respondent
 Printed Name: ___________________
 Address: ________________________
 City, State, Zip: _______________
 Telephone Number: _______________

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(c), CONSENT TO LIMITED APPEARANCE BY ATTORNEY (10/08)

When should this form be used?
This form should be used for a client to give consent when an attorney is making a limited appearance for the client under Florida Family Law Rule of Procedure 12.040.
This form should be typed or printed in black ink. After completing this form, the client should sign it. The attorney or client should then file it with the clerk of *451 the circuit court in the county in which the action is pending. The attorney and client should each keep a copy for his or her records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party or his or her attorney.

Where can I look for more information?
See Florida Family Law Rule of Procedure 12.040.
IN THE CIRCUIT COURT OF THE
 ______________ JUDICIAL CIRCUIT,
 IN AND FOR
 ______________ COUNTY, FLORIDA
 Case No.: ___________________________
 Division: ___________________________
__________________,
 Petitioner,
 and
__________________,
 Respondent.

CONSENT TO LIMITED APPEARANCE BY ATTORNEY
{Name} ____________________, the [√ one only] () Petitioner () Respondent, consents to the limited representation by counsel, {attorney's name } _______________________, for the following limited purpose(s) [√ all that apply]:
1. ____ The hearing set for {date} ____________, at {time } ____ on the issue(s) of {specify } ______________.
2. ____ To represent [√ one only] () Petitioner () Respondent on the following issues throughout the proceedings:
a. ____ Parental responsibility, including establishing a parenting plan.
b. ____ Equitable distribution of marital assets and liabilities.
c. ____ Alimony.
d. ____ Child support.
e. ____ Other {specify }: _________
The clerk of the above-styled court is requested to enter this notice of record.
I certify that a copy of this consent to limited appearance was: () mailed, () faxed and mailed, or () hand delivered to the person(s) listed below on {date } ________________.
Other party or his/her attorney:
Name: _______________
Address: ______________
City, State, Zip: _________
Telephone Number: _______________
Fax Number: ___________________
 ______________________________
 Signature of Petitioner/Respondent
 Printed Name: ___________________
 Address: ________________________
 City, State, Zip: _______________
 Telephone Number: _______________
 Fax Number: _____________________

IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer } ___________________, a nonlawyer, located at {street} _____________, {city} _____________, {state } _________, {phone } ___________, helped {name} ____________, who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

*452 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e), CHILD SUPPORT GUIDELINES WORKSHEET (10/08)

When should this form be used?
You should complete this worksheet if child support is being requested in your case. If you know the income of the other party, this worksheet should accompany your financial affidavit. If you do not know the other party's income, this form must be completed after the other party files his or her financial affidavit, and serves a copy on you.
This form should be typed or printed in black ink. You should file the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

What should I do next?
A copy of this form must be mailed or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

Where can I look for more information?

Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.30, Florida Statutes.

Special notes ...
If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file Petitioner's Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h).
The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.
Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:

If payment is twice per month Payment amount × 2 = Monthly amount
If payment is every two weeks Payment amount × 26 = Yearly amount due
 Yearly amount ÷ 12 = Monthly amount
If payment is weekly Weekly amount × 52 = Yearly amount due
 Yearly amount ÷ 12 = Monthly amount

If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a Motion to Deviate from Child Support Guidelines, Florida *453 Supreme Court Approved Family Law Form 12.943.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

CHILD SUPPORT GUIDELINES CHART

Combined
Monthly
Net One Two Three Four Five Six
Income Child Children Children Children Children Children
 650.00 74 75 75 76 77 78
 700.00 119 120 121 123 124 125
 750.00 164 166 167 169 171 173
 800.00 190 211 213 216 218 220
 850.00 202 257 259 262 265 268
 900.00 213 302 305 309 312 315
 950.00 224 347 351 355 359 363
 1000.00 235 365 397 402 406 410
 1050.00 246 382 443 448 453 458
 1100.00 258 400 489 495 500 505
 1150.00 269 417 522 541 547 553
 1200.00 280 435 544 588 594 600
 1250.00 290 451 565 634 641 648
 1300.00 300 467 584 659 688 695
 1350.00 310 482 603 681 735 743
 1400.00 320 498 623 702 765 790
 1450.00 330 513 642 724 789 838
 1500.00 340 529 662 746 813 869
 1550.00 350 544 681 768 836 895
 1600.00 360 560 701 790 860 920
 1650.00 370 575 720 812 884 945
 1700.00 380 591 740 833 907 971
 1750.00 390 606 759 855 931 996
 1800.00 400 622 779 877 955 1022
 1850.00 410 638 798 900 979 1048
 1900.00 421 654 818 923 1004 1074
 1950.00 431 670 839 946 1029 1101
 2000.00 442 686 859 968 1054 1128
 2050.00 452 702 879 991 1079 1154
 2100.00 463 718 899 1014 1104 1181
 2150.00 473 734 919 1037 1129 1207
 2200.00 484 751 940 1060 1154 1234
 2250.00 494 767 960 1082 1179 1261
 2300.00 505 783 980 1105 1204 1287
 2350.00 515 799 1000 1128 1229 1314
 2400.00 526 815 1020 1151 1254 1340
 2450.00 536 831 1041 1174 1279 1367
 2500.00 547 847 1061 1196 1304 1394
 2550.00 557 864 1081 1219 1329 1420

*454
 2600.00 568 880 1101 1242 1354 1447
 2650.00 578 896 1121 1265 1379 1473
 2700.00 588 912 1141 1287 1403 1500
 2750.00 597 927 1160 1308 1426 1524
 2800.00 607 941 1178 1328 1448 1549
 2850.00 616 956 1197 1349 1471 1573
 2900.00 626 971 1215 1370 1494 1598
 2950.00 635 986 1234 1391 1517 1622
 3000.00 644 1001 1252 1412 1540 1647
 3050.00 654 1016 1271 1433 1563 1671
 3100.00 663 1031 1289 1453 1586 1695
 3150.00 673 1045 1308 1474 1608 1720
 3200.00 682 1060 1327 1495 1631 1744
 3250.00 691 1075 1345 1516 1654 1769
 3300.00 701 1090 1364 1537 1677 1793
 3350.00 710 1105 1382 1558 1700 1818
 3400.00 720 1120 1401 1579 1723 1842
 3450.00 729 1135 1419 1599 1745 1867
 3500.00 738 1149 1438 1620 1768 1891
 3550.00 748 1164 1456 1641 1791 1915
 3600.00 757 1179 1475 1662 1814 1940
 3650.00 767 1194 1493 1683 1837 1964
 3700.00 776 1208 1503 1702 1857 1987
 3750.00 784 1221 1520 1721 1878 2009
 3800.00 793 1234 1536 1740 1899 2031
 3850.00 802 1248 1553 1759 1920 2053
 3900.00 811 1261 1570 1778 1940 2075
 3950.00 819 1275 1587 1797 1961 2097
 4000.00 828 1288 1603 1816 1982 2119
 4050.00 837 1302 1620 1835 2002 2141
 4100.00 846 1315 1637 1854 2023 2163
 4150.00 854 1329 1654 1873 2044 2185
 4200.00 863 1342 1670 1892 2064 2207
 4250.00 872 1355 1687 1911 2085 2229
 4300.00 881 1369 1704 1930 2106 2251
 4350.00 889 1382 1721 1949 2127 2273
 4400.00 898 1396 1737 1968 2147 2295
 4450.00 907 1409 1754 1987 2168 2317
 4500.00 916 1423 1771 2006 2189 2339
 4550.00 924 1436 1788 2024 2209 2361
 4600.00 933 1450 1804 2043 2230 2384
 4650.00 942 1463 1821 2062 2251 2406
 4700.00 951 1477 1838 2081 2271 2428
 4750.00 959 1490 1855 2100 2292 2450
 4800.00 968 1503 1871 2119 2313 2472
 4850.00 977 1517 1888 2138 2334 2494
 4900.00 986 1530 1905 2157 2354 2516
 4950.00 993 1542 1927 2174 2372 2535
 5000.00 1000 1551 1939 2188 2387 2551
 5050.00 1006 1561 1952 2202 2402 2567
 5100.00 1013 1571 1964 2215 2417 2583
 5150.00 1019 1580 1976 2229 2432 2599
 5200.00 1025 1590 1988 2243 2447 2615
 5250.00 1032 1599 2000 2256 2462 2631
 5300.00 1038 1609 2012 2270 2477 2647
 5350.00 1045 1619 2024 2283 2492 2663
 5400.00 1051 1628 2037 2297 2507 2679

*455
 5450.00 1057 1638 2049 2311 2522 2695
 5500.00 1064 1647 2061 2324 2537 2711
 5550.00 1070 1657 2073 2338 2552 2727
 5600.00 1077 1667 2085 2352 2567 2743
 5650.00 1083 1676 2097 2365 2582 2759
 5700.00 1089 1686 2109 2379 2597 2775
 5750.00 1096 1695 2122 2393 2612 2791
 5800.00 1102 1705 2134 2406 2627 2807
 5850.00 1107 1713 2144 2418 2639 2820
 5900.00 1111 1721 2155 2429 2651 2833
 5950.00 1116 1729 2165 2440 2663 2847
 6000.00 1121 1737 2175 2451 2676 2860
 6050.00 1126 1746 2185 2462 2688 2874
 6100.00 1131 1754 2196 2473 2700 2887
 6150.00 1136 1762 2206 2484 2712 2900
 6200.00 1141 1770 2216 2495 2724 2914
 6250.00 1145 1778 2227 2506 2737 2927
 6300.00 1150 1786 2237 2517 2749 2941
 6350.00 1155 1795 2247 2529 2761 2954
 6400.00 1160 1803 2258 2540 2773 2967
 6450.00 1165 1811 2268 2551 2785 2981
 6500.00 1170 1819 2278 2562 2798 2994
 6550.00 1175 1827 2288 2573 2810 3008
 6600.00 1179 1835 2299 2584 2822 3021
 6650.00 1184 1843 2309 2595 2834 3034
 6700.00 1189 1850 2317 2604 2845 3045
 6750.00 1193 1856 2325 2613 2854 3055
 6800.00 1196 1862 2332 2621 2863 3064
 6850.00 1200 1868 2340 2630 2872 3074
 6900.00 1204 1873 2347 2639 2882 3084
 6950.00 1208 1879 2355 2647 2891 3094
 7000.00 1212 1885 2362 2656 2900 3103
 7050.00 1216 1891 2370 2664 2909 3113
 7100.00 1220 1897 2378 2673 2919 3123
 7150.00 1224 1903 2385 2681 2928 3133
 7200.00 1228 1909 2393 2690 2937 3142
 7250.00 1232 1915 2400 2698 2946 3152
 7300.00 1235 1921 2408 2707 2956 3162
 7350.00 1239 1927 2415 2716 2965 3172
 7400.00 1243 1933 2423 2724 2974 3181
 7450.00 1247 1939 2430 2733 2983 3191
 7500.00 1251 1945 2438 2741 2993 3201
 7550.00 1255 1951 2446 2750 3002 3211
 7600.00 1259 1957 2453 2758 3011 3220
 7650.00 1263 1963 2461 2767 3020 3230
 7700.00 1267 1969 2468 2775 3030 3240
 7750.00 1271 1975 2476 2784 3039 3250
 7800.00 1274 1981 2483 2792 3048 3259
 7850.00 1278 1987 2491 2801 3057 3269
 7900.00 1282 1992 2498 2810 3067 3279
 7950.00 1286 1998 2506 2818 3076 3289
 8000.00 1290 2004 2513 2827 3085 3298
 8050.00 1294 2010 2521 2835 3094 3308
 8100.00 1298 2016 2529 2844 3104 3318
 8150.00 1302 2022 2536 2852 3113 3328
 8200.00 1306 2028 2544 2861 3122 3337
 8250.00 1310 2034 2551 2869 3131 3347

*456
 8300.00 1313 2040 2559 2878 3141 3357
 8350.00 1317 2046 2566 2887 3150 3367
 8400.00 1321 2052 2574 2895 3159 3376
 8450.00 1325 2058 2581 2904 3168 3386
 8500.00 1329 2064 2589 2912 3178 3396
 8550.00 1333 2070 2597 2921 3187 3406
 8600.00 1337 2076 2604 2929 3196 3415
 8650.00 1341 2082 2612 2938 3205 3425
 8700.00 1345 2088 2619 2946 3215 3435
 8750.00 1349 2094 2627 2955 3224 3445
 8800.00 1352 2100 2634 2963 3233 3454
 8850.00 1356 2106 2642 2972 3242 3464
 8900.00 1360 2111 2649 2981 3252 3474
 8950.00 1364 2117 2657 2989 3261 3484
 9000.00 1368 2123 2664 2998 3270 3493
 9050.00 1372 2129 2672 3006 3279 3503
 9100.00 1376 2135 2680 3015 3289 3513
 9150.00 1380 2141 2687 3023 3298 3523
 9200.00 1384 2147 2695 3032 3307 3532
 9250.00 1388 2153 2702 3040 3316 3542
 9300.00 1391 2159 2710 3049 3326 3552
 9350.00 1395 2165 2717 3058 3335 3562
 9400.00 1399 2171 2725 3066 3344 3571
 9450.00 1403 2177 2732 3075 3353 3581
 9500.00 1407 2183 2740 3083 3363 3591
 9550.00 1411 2189 2748 3092 3372 3601
 9600.00 1415 2195 2755 3100 3381 3610
 9650.00 1419 2201 2763 3109 3390 3620
 9700.00 1422 2206 2767 3115 3396 3628
 9750.00 1425 2210 2772 3121 3402 3634
 9800.00 1427 2213 2776 3126 3408 3641
 9850.00 1430 2217 2781 3132 3414 3647
 9900.00 1432 2221 2786 3137 3420 3653
 9950.00 1435 2225 2791 3143 3426 3659
 10000.00 1437 2228 2795 3148 3432 3666

IN THE CIRCUIT COURT OF THE
 _____________ JUDICIAL CIRCUIT,
 IN AND FOR
 _____________ COUNTY, FLORIDA
 Case No.: _____________________
 Division: _____________________
______________________,
 Petitioner,
 and
______________________,
 Respondent.

NOTICE OF FILING CHILD SUPPORT GUIDELINES WORKSHEET
PLEASE TAKE NOTICE, that {name } ________________, is filing his/her Child Support Guidelines Worksheet attached and labeled Exhibit 1.

CERTIFICATE OF SERVICE
I certify that a copy of this Notice of Filing with the Child Support Guidelines Worksheet was [√ one only] () mailed () faxed and mailed () hand delivered to the *457 person(s) listed below on {date} _________________.
Other party or his/her attorney:
Name: ______________________
Address: ___________________
City, State, Zip: __________
Fax Number: ________________
Date: ______________________
____________________________
Signature of Party
Printed Name: ______________
Address: ___________________
City, State, Zip: __________
Telephone Number: __________
Fax Number: ________________

*458 
*459 
ADJUSTMENTS TO GUIDELINES AMOUNT. If you or the other parent is requesting the Court to award a child support amount that is more or less than the child support guidelines, you must complete and file Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.
[√ one only]
a. ___ Deviation from the guidelines amount is requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is attached.
b. ____ Deviation from the guidelines amount is NOT requested. The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is not attached.
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer } _________________, a nonlawyer, located at {street} __________, _____________, {city } _____________, {state } _____________, {phone } __________, helped {name} ______________, who is the [√ one only] ____ petitioner or ____ respondent, fill out this form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (10/08)

When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this *460 form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(c). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or *461 she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
IN THE CIRCUIT COURT OF THE ________________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: __________________
 Division: __________________
_________________________________,
 Petitioner,
 and
_________________________________,
 Respondent.

STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

 The answers to the following questions are intended to supplement the information
provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b)
or (c). You should answer the group of questions indicated in the above shaded box. The
questions should be answered in the blank space provided below each separately numbered
question. If sufficient space is not provided, you may attach additional papers with the
answers and refer to them in the space provided in the interrogatories. You should be sure
to make a copy for yourself. Each question must be answered separately and as completely
as the available information permits. All answers are to be made under oath or affirmation
as to their truthfulness.
 I, {name of person answering interrogatories } ___________________,
being sworn, certify that the following information is true:
 1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been known.
 b. State your present residence and telephone numbers.
 c. State your place and date of birth.
 2. EDUCATION:
 a. List all business, commercial, and professional licenses that you have obtained.
 b. List all of your education including, but not limited to, vocational or specialized
 training, including the following:
 (1) name and address of each educational institution.
 (2) dates of attendance.
*462
 (3) degrees or certificates obtained or anticipated dates of same.
 3. EMPLOYMENT:
 a. For each place of your employment or self-employment during the last 3 years,
 state the following:
 (1) name, address, and telephone number of your employer.
 (2) dates of employment.
 (3) job title and brief description of job duties.
 (4) starting and ending salaries.
 (5) name of your direct supervisor.
 (6) all benefits received, including, for example, health, life, and disability insurance;
 expense account; use of automobile or automobile expense reimbursement;
 reimbursement for travel, food, or lodging expenses; payment of dues
 in any clubs or associations; and pension or profit sharing plans.
 b. Other than as an employee, if you have been engaged in or associated with any
 business, commercial, or professional activity within the last 3 years that was not
 detailed above, state for each such activity the following:
 (1) name, address, and telephone number of each activity.
 (2) dates you were connected with such activity.
 (3) position title and brief description of activities.
 (4) starting and ending compensation.
 (5) name of all persons involved in the business, commercial, or professional
 activity with you.
 (6) all benefits and compensation received, including, for example, health, life, and
 disability insurance; expense account; use of automobile or automobile expense
 reimbursement; reimbursement for travel, food, or lodging expenses;
 payment of dues in any clubs or associations; and pension or profit sharing
 plans.
 c. If you have been unemployed at any time during the last 3 years, state the dates of
 unemployment. If you have not been employed at any time in the last 3 years, give
 the information requested above in question 3.a for your last period of employment.
 4. ASSETS:
 a. Real Estate. State the street address, if any, and if not, the legal description of all
 real property that you own or owned during the last 3 years. For each property,
 state the following:
 (1) the names and addresses of any other persons or entities holding any interest
 and their percentage of interest.
 (2) the purchase price, the cost of any improvements made since it was purchased,
 and the amount of any depreciation taken.
 (3) the fair market value on the date of your separation from your spouse.
 (4) the fair market value on the date of the filing of the petition for dissolution of
 marriage.
*463
 b. Tangible Personal Property. List all items of tangible personal property that are
 owned by you or in which you have had any interest during the last 3 years
 including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art
 objects or other collections, and collectibles whose fair market value exceeds $100.
 For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any interest.
 (3) the date you acquired your interest.
 (4) the purchase price.
 (5) the present fair market value.
 (6) the fair market value on the date of your separation from your spouse.
 (7) the fair market value on the date of the filing of the petition for dissolution of
 marriage.
 c. Intangible Personal Property. Other than the financial accounts (checking,
 savings, money market, credit union accounts, retirement accounts, or other such
 cash management accounts) listed in the answers to interrogatories 4.d and 4.e
 below, list all items of intangible personal property that are owned by you or in
 which you have had any ownership interest (including closed accounts) within the
 last 3 years, including but not limited to, partnership and business interests
 (including good will), deferred compensation accounts unconnected with retirement,
 including but not limited to stock options, sick leave, and vacation pay, stocks, stock
 funds, mutual funds, bonds, bond funds, real estate investment trust, receivables,
 certificates of deposit, notes, mortgages, and debts owed to you by another entity or
 person. For each item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any interest
 and the names and addresses of the persons and entities who are indebted to
 you.
 (3) the date you acquired your interest.
 (4) the purchase price, acquisition cost, or loaned amount.
 (5) the fair market value or the amounts you claim are owned by or owed to you:
 (a) presently, at the time of answering these interrogatories.
 (b) on the date of your separation from your spouse.
 (c) on the date of the filing of the petition for dissolution of marriage.
 You may comply with this interrogatory (4.c) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. However, if the date of acquisition, the purchase
 price and the market valuations are not clearly reflected in the periodic statements
 which are furnished then these questions must be answered separately. You do not
 have to resubmit any periodic statements previously furnished under rule 12.285
 (Mandatory Disclosure).
 d. Retirement Accounts: List all information regarding each retirement account/plan,
 including but not limited to defined benefit plans, 401k, 403B, IRA
 accounts, pension plans, Florida Retirement System plans (FRS), Federal Government
 plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans,
 annuities, employee savings plans, etc. that you have established and/or that have
*464 been established for you by you, your employer, or any previous employer. For
 each account, state the following:
 (1) the name and account number of each account/plan and where it is located.
 (2) the type of account/plan.
 (3) the name and address of the fiduciary plan administrator/service representative.
 (4) the fair market value of your interest in each account/plan.
 (a) present value.
 (b) value on the date of separation.
 (c) value on the date of filing of the petition for dissolution of marriage
 (5) whether you are vested or not vested; and if vested, in what amount, as of a
 certain date and the schedule of future vesting.
 (6) the date at which you became/become eligible to receive some funds in this
 account/plan.
 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 (8) beneficiary(ies) and/or alternate payee(s).
 e. Financial Accounts. For all financial accounts (checking, savings, money market,
 credit union accounts, or other such cash management accounts) listed in your
 Financial Affidavit, in which you have had any legal or equitable interest, regardless
 of whether the interest is or was held in your own name individually, in your
 name with another person, or in any other name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the accounts.
 (5) highest balance within each of the preceding 3 years.
 (6) lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (4.e) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. You do not have to resubmit account statements
 previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
 f. Closed Financial Accounts. For all financial accounts (checking, savings,
 money market, credit union accounts, or other such cash management accounts)
 closed within the last 3 years, in which you have had any legal or equitable interest,
 regardless of whether the interest is or was held in your own name individually, in
 your name with another person, or in any other name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the accounts.
 (5) date account was closed.
 g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the
 following:
 (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity,
 give for each one the following:
 (a) identification of the estate, trust, insurance policy, or annuity.
 (b) the nature, amount, and frequency of any distributions of benefits.
*465
 (c) the total value of the beneficiaries' interest in the benefit.
 (d) whether the benefit is vested or contingent.
 (2) If you have established any trust or are the trustee of a trust, state the
 following:
 (a) the date the trust was established.
 (b) the names and addresses of the trustees.
 (c) the names and addresses of the beneficiaries.
 (d) the names and addresses of the persons or entities who possess the
 trust documents.
 (e) each asset that is held in each trust, with its fair market value.
 h. Canceled Life Insurance Policies. For all policies of life insurance within the
 preceding 3 years that you no longer hold, own, or have any interest in, state the
 following:
 (1) name of company that issued the policy and policy number.
 (2) name, address, and telephone number of agent who issued the policy.
 (3) amount of coverage.
 (4) name of insured.
 (5) name of owner of policy.
 (6) name of beneficiaries.
 (7) premium amount.
 (8) date the policy was surrendered.
 (9) amount, if any, of monies distributed to the owner.
 i. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses,
 and telephone numbers of your accountant, bookkeeper, and any other
 persons who possess your financial records, and state which records each possesses.
 j. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock
 boxes, vaults, or similar types of depositories, state the following:
 (1) The names and addresses of all banks, depositories, or other places where, at
 any time during the period beginning 3 years before the initiation of the
 action, until the date of your answering this interrogatory, you did any of the
 following:
 (a) had a safe deposit box, lock box, or vault.
 (b) were a signatory or co-signatory on a safe deposit box, lock box, or
 vault.
 (c) had access to a safe deposit box, lock box, or vault.
 (d) maintained property.
 (2) The box or identification numbers and the name and address of each person
 who has had access to any such depository during the same time period.
 (3) All persons who have possession of the keys or combination to the safe deposit
 box, lock box, or vault.
 (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar
 types of depositories by you or your agent during that time, together with the
 present location and fair market value of each item.
 (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of
 depositories and fair market value of each item.
 5. LIABILITIES:
*466
 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts,
 and other obligations (other than credit cards and charge accounts) listed in your
 Financial Affidavit, indicate for each the following:
 (1) name and address of the creditor.
 (2) name in which the obligation is or was incurred.
 (3) loan or account number, if any.
 (4) nature of the security, if any.
 (5) payment schedule.
 (6) present balance and current status of your payments.
 (7) total amount of arrearage, if any.
 (8) balance on the date of your separation from your spouse.
 (9) balance on the date of the filing of the petition for dissolution of marriage.
 You may comply with this interrogatory (5.a) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. You do not have to resubmit account statements
 previously furnished under rule 12.285 (Mandatory Disclosure).
 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards,
 charge accounts, or other such accounts) listed in your Financial Affidavit, in which
 you have had any legal or equitable interest, regardless of whether the interest is
 or was held in your own name individually, in your name with another person, or in
 any other name, give the following:
 (1) name and address of the creditor.
 (2) name in which the account is or was maintained.
 (3) names of each person authorized to sign on the accounts.
 (4) account numbers.
 (5) present balance and current status of your payments.
 (6) total amount of arrearage, if any.
 (7) balance on the date of your separation from your spouse.
 (8) balance on the date of the filing of the petition for dissolution of marriage.
 (9) highest and lowest balance within each of the preceding 3 years.
 You may comply with this interrogatory (5.b) by providing copies of all periodic
 (monthly quarterly, semi-annual, or annual) account statements for each such account
 for the preceding 3 years. You do not have to resubmit account statements
 previously furnished under rule 12.285 (Mandatory Disclosure).
 c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit
 cards, charge accounts, or other such accounts) closed with no remaining balance,
 within the last 3 years, in which you have had any legal or equitable interest,
 regardless of whether the interest is or was held in your own name individually, in
 your name with another person, or in any other name, give the following:
 (1) name and address of each creditor.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) names of each person authorized to sign on the accounts.
 (5) date the balance was paid off.
 (6) amount of final balance paid off.
 You may comply with this interrogatory (5.c) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years. You do not have to resubmit account statements
 previously furnished under rule 12.285 (Mandatory Disclosure).
*467
 6. MISCELLANEOUS:
 a. If you are claiming an unequal distribution of marital property or enhancement or
 appreciation of nonmarital property, state the amount claimed and all facts upon
 which you rely in your claim.
 b. If you are claiming an asset or liability is nonmarital, list the asset or liability and
 all facts upon which you rely in your claim.
 c. If the mental or physical condition of a spouse or child is an issue, identify the
 person and state the name and address of all health care providers involved in the
 treatment of that person for said mental or physical condition.
 d. Detail your proposed parenting plan for the minor child(ren), including your
 proposed time-sharing schedule. Alternatively, attach a copy of your proposed
 parenting plan.
 e. If you are claiming that the other parent's contact or time-sharing with the minor
 child(ren) should be limited, or that you should have sole parental responsibility for
 the minor child(ren), with or without time-sharing with the other parent, or that
 you should have ultimate responsibility over specific aspects of the child(ren)'s
 welfare or that these responsibilities should be divided between you and the other
 parent, state your reasons and all facts upon which you rely to support your claim.
 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law
 Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of
 Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form
 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 I certify that a copy of this document was [√ one only] () mailed ( ) faxed and mailed ( )
hand delivered to the person(s) listed below on {date } ___________.
Other party or his/her attorney:
Name: ________________________
Address: _____________________
City, State, Zip: ____________
Fax Number: __________________
I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
Dated: _________________
 _________________
 Signature of Party
 Printed Name: _______________________
 Address: ____________________________
 City, State, Zip: ___________________
 Telephone Number: ___________________
 Fax Number: _________________________
STATE OF FLORIDA
COUNTY OF _______________________
Sworn to or affirmed and signed before me
on _________________ by ________________.
 _____________________________
 NOTARY PUBLIC or DEPUTY
 CLERK
 _____________________________
 [Print, type, or stamp commissioned
 name of notary or deputy clerk.]
____ Personally known
____ Produced identification
____ Type of identification produced
_________

IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of
nonlawyer} _____________, a
nonlawyer, located at {street }
____________, {city }
____________, {state }
*468
____________, {phone }
____________, helped {name }
_________, who is the [√ one only] ____
petitioner or ___ respondent, fill out this
form.

INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS (10/08)

When should this form be used?
This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.

Special notes...
In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers *469 and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided by Florida Rule of Civil Procedure 1.340(e). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE _____________ JUDICIAL CIRCUIT,
 IN AND FOR ________________ COUNTY, FLORIDA
 Case No.: ____________________
 Division: ____________________
_____________________________,
 Petitioner
 and
_____________________________,
 Respondent.

STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS

*470
 The answers to the following questions are intended to supplement the information
provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b)
or (c). You should answer the group of questions indicated in the above shaded box. The
questions should be answered in the blank space provided below each separately numbered
question. If sufficient space is not provided, you may attach additional papers with the
answers and refer to them in the space provided in the interrogatories. You should be sure
to make a copy for yourself. Each question must be answered separately and as completely
as the available information permits. All answers are to be made under oath or affirmation
as to their truthfulness.
 I, {name of person answering interrogatories } _________________,
being sworn, certify that the following information is true:
 1. BACKGROUND INFORMATION:
 a. State your full legal name and any other name by which you have been known.
 b. State your present residence and telephone numbers.
 c. State your place and date of birth.
 2. EDUCATION:
 a. List all business, commercial, and professional licenses that you have obtained since
 the entry of the Final Judgment sought to be modified.
 b. List all of your education since the entry of the Final Judgment sought to be
 modified including, but not limited to, vocational or specialized training, including
 the following:
 (1) name and address of each educational institution.
 (2) dates of attendance.
 (3) degrees or certificates obtained or anticipated dates of same.
 3. EMPLOYMENT:
 a. For each place of your employment or self-employment since the entry of the Final
 Judgment sought to be modified, state the following:
 (1) name, address, and telephone number of your employer.
 (2) dates of employment.
 (3) job title and brief description of job duties.
 (4) starting and ending salaries.
 (5) name of your direct supervisor.
 (6) all benefits received, including, for example, health, life, and disability insurance;
 expense account; use of automobile or automobile expense reimbursement;
 reimbursement for travel, food, or lodging expenses; payment of dues
 in any clubs or associations; and pension or profit sharing plans.
 b. Other than as an employee, if you have been engaged in or associated with any
 business, commercial, or professional activity since the entry of the Final Judgment
 sought to be modified that was not detailed above, state for each such activity the
 following:
 (1) name, address, and telephone number of each activity.
 (2) dates you were connected with such activity.
 (3) position title and brief description of activities.
 (4) starting and ending compensation.
*471
 (5) name of all persons involved in the business, commercial, or professional
 activity with you.
 (6) all benefits and compensation received, including, for example, health, life, and
 disability insurance; expense account; use of automobile or automobile expense
 reimbursement; reimbursement for travel, food, or lodging expenses;
 payment of dues in any clubs or associations; and pension or profit sharing
 plans.
 c. If you have been unemployed at any time since the entry of the Final Judgment
 sought to be modified, state the dates of unemployment. If you have not been
 employed at any time since the entry of the Final Judgment sought to be modified,
 give the information requested above in question 3.a for your last period of
 employment.
 4. ASSETS:
 a. Real Estate. State the street address, if any, and if not, the legal description of all
 real property that you own or owned during the last 3 years, or since the entry of
 the Final Judgment sought to be modified, if shorter. For each property, state the
 following:
 (1) the names and addresses of any other persons or entities holding any interest
 and their percentage of interest.
 (2) the present fair market value.
 b. Tangible Personal Property. List all items of tangible personal property that are
 owned by you or in which you have had any interest during the last 3 years, or
 since the entry of the Final Judgment sought to be modified, if shorter, including,
 but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or
 other collections, and collectibles whose fair market value exceeds $100. For each
 item, state the following:
 (1) the percentage and type interest you hold.
 (2) the names and addresses of any other persons or entities holding any interest.
 (3) the present fair market value.
 c. Intangible Personal Property. Other than the financial accounts (checking,
 savings, money market, credit union accounts, retirement accounts, or other such
 cash management accounts) listed in the answers to interrogatories 4.d and 4.e
 below, list all items of intangible personal property that are owned by you or in
 which you have had any ownership interest (including closed accounts) within the
 last 3 years, or since the entry of the Final Judgment sought to be modified, if
 shorter, including, but not limited to, partnership and business interests (including
 good will), deferred compensation accounts unconnected with retirement, including
 but not limited to stock options, sick leave, and vacation pay, stocks, stock funds,
 mutual funds, bonds, bond funds, real estate investment trusts, receivables, certificates
 of deposit, notes, mortgages, and debts owed to you by another entity or
 person. For each item, state the following:
 (1) the percentage and type interest you hold.
*472
 (2) the names and addresses of any other persons or entities holding any interest
 and the names and addresses of the persons and entities who are indebted to
 you.
 (3) the present fair market value or the amounts you claim are owned by or owed
 to you, at the time of answering these interrogatories.
 You may comply with this interrogatory (4.c) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years, or since the entry of the Final Judgment sought to
 be modified, if shorter. However, if the date of acquisition, the purchase price, and
 the market valuations are not clearly reflected in the periodic statements which are
 furnished, then these questions must be answered separately. You do not have to
 resubmit any periodic statements previously furnished under rule 12.285 (Mandatory
 Disclosure).
 d. Retirement Accounts: List all information regarding each retirement account/plan,
 including but not limited to defined benefit plans, 401k, 403B, IRA
 accounts, pension plans, Florida Retirement System plans (FRS), Federal Government
 plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans,
 annuities, employee savings plans, etc. that you have established and/or that have
 been established for you by you, your employer or any previous employer. For
 each account, state the following:
 (1) the name and account number of each account/plan and where it is located.
 (2) the type of account/plan.
 (3) the name and address of the fiduciary plan administrator/service representative
 (4) the present fair market value of your interest in each account/plan.
 (5) whether you are vested or not vested; and if vested, in what amount, as of a
 certain date and the schedule of future vesting.
 (6) the date at which you became/become eligible to receive some funds in this
 account/plan.
 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 (8) beneficiary(ies) and/or alternate payee(s).
 e. Financial Accounts. For all financial accounts (checking, savings, money market,
 credit union accounts, or other such cash management accounts) listed in your
 Financial Affidavit, in which you have had any legal or equitable interest, regardless
 of whether the interest is or was held in your own name individually, in your
 name with another person, or in any other name, give the following:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) names of each person authorized to make withdrawals from the accounts.
 (5) highest balance within each of the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter.
 (6) lowest balance within each of the preceding 3 years, or since the entry of the
 Final Judgment sought to be modified, if shorter.
 You may comply with this interrogatory (4.e) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years, or since the entry of the Final Judgment sought to
 be modified, if shorter. You do not have to resubmit account statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
*473
 f. Closed Financial Accounts. For all financial accounts (checking, savings, money
 market, credit union accounts, or other such cash management accounts) closed
 within the last 3 years, or since the entry of the Final Judgment sought to be
 modified, if shorter, in which you have had any legal or equitable interest,
 regardless of whether the interest is or was held in your own name individually, in
 your name with another person, or in any other name, give the:
 (1) name and address of each institution.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to make withdrawals from the accounts.
 (5) date account was closed.
 g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the
 following:
 (1) if you are the beneficiary of any estate, trust, insurance policy, or annuity, give
 for each one the following:
 (a) identification of the estate, trust, insurance policy, or annuity.
 (b) the nature, amount, and frequency of any distributions of benefits.
 (c) the total value of the beneficiaries' interest in the benefit.
 (d) whether the benefit is vested or contingent.
 (2) if you have established any trust or are the trustee of a trust, state the
 following:
 (a) the date the trust was established.
 (b) the names and addresses of the trustees.
 (c) the names and addresses of the beneficiaries.
 (d) the names and addresses of the persons or entities who possess the
 trust documents.
 (e) each asset that is held in each trust, with its fair market value.
 h. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses,
 and telephone numbers of your accountant, bookkeeper, and any other
 persons who possess your financial records, and state which records each possesses.
 5. LIABILITIES:
 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts,
 and other obligations (other than credit cards and charge accounts) listed in your
 Financial Affidavit, indicate for each the following:
 (1) name and address of the creditor.
 (2) name in which the obligation is or was incurred.
 (3) loan or account number, if any.
 (4) nature of the security, if any.
 (5) payment schedule.
 (6) present balance and current status of your payments.
 (7) total amount of arrearage, if any.
 You may comply with this interrogatory (5.a) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years, or since the entry of the Final Judgment sought to
 be modified, if shorter. You do not have to resubmit account statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
*474
 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards,
 charge accounts, or other such accounts) listed in your Financial Affidavit, in which
 you have had any legal or equitable interest, regardless of whether the interest is
 or was held in your own name individually, in your name with another person, or in
 any other name, give the following:
 (1) name and address of the creditor.
 (2) name in which the account is or was maintained.
 (3) name of each person authorized to sign on the accounts.
 (4) account numbers.
 (5) present balance and current status of your payments.
 (6) total amount of arrearage, if any.
 (7) highest and lowest balance within each of the preceding 3 years, or since the
 entry of the Final Judgment sought to be modified, if shorter.
 You may comply with this interrogatory (5.b) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years, or since the entry of the Final Judgment sought to
 be modified, if shorter. You do not have to resubmit account statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
 c. Closed Credit Cards and Charge Accounts. As to all financial accounts (credit
 card, charge accounts, or other such accounts) closed with no remaining balance,
 within the last 3 years, or since the entry of the Final Judgment sought to be
 modified, if shorter, in which you have had any legal or equitable interest,
 regardless of whether the interest is or was held in your own name individually, in
 your name with another person, or in any other name, give the following:
 (1) name and address of each creditor.
 (2) name in which the account is or was maintained.
 (3) account numbers.
 (4) name of each person authorized to sign on the accounts.
 (5) date the balance was paid off.
 (6) amount of final balance paid off.
 You may comply with this interrogatory (5.c) by providing copies of all periodic
 (monthly, quarterly, semi-annual, or annual) account statements for each such
 account for the preceding 3 years, or since the entry of the Final Judgment sought to
 be modified, if shorter. You do not have to resubmit account statements previously
 furnished under rule 12.285 (Mandatory Disclosure).
 6. MISCELLANEOUS:
 a. If you are claiming a diminished earning capacity since the entry of the Final
 Judgment sought to be modified as grounds to modify alimony or deviate from the
 child support established in your case, describe in detail how your earning capacity
 is lowered and state all facts upon which you rely in your claim. If unemployed,
 state how, why, and when you lost your job.
 b. If you are claiming a change in a mental or physical condition since the entry of the
 Final Judgment sought to be modified as grounds to modify alimony or change the
*475
 child support established in your case, describe in detail how your mental and/or
 physical capacity has changed and state all facts upon which you rely in your claim.
 Identify the change in your mental and/or physical capacity, and state the name and
 address of all health care providers involved in the treatment of this mental or
 physical condition.
 c. If you are requesting a change in shared or sole parental responsibility, the
 parenting plan, or any combination thereof, for the minor child(ren), describe in
 detail the change in circumstances since the entry of the Final Judgment sought to
 be modified that you feel justify the requested change. State when the change of
 circumstances occurred, how the change of circumstances affects the child(ren), and
 why it is in the best interests of the child(ren) that the Court make the requested
 change. Attach your proposed parenting plan.
 d. If you do not feel the requested change in shared or sole parental responsibility, the
 parenting plan, or any combination thereof, for the minor child(ren) is in their best
 interests, describe in detail any facts since the entry of the Final Judgment sought
 to be modified that you feel justify the Court denying the requested change. State,
 in your opinion, what change, if any, in shared or sole parental responsibility, or of
 the parenting plan is justified or agreeable to you and why it is in the best interests
 of the child(ren).
 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law
 Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of
 Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form
 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 I certify that a copy of this document was [√ one only] () mailed () faxed and mailed
 () hand delivered to the person(s) listed below on {date } ___________.
Other party or his/her attorney:
Name: ___________________
Address: ________________
City, State, Zip: _______
Fax Number: _____________
 I understand that I am swearing or affirming under oath to the truthfulness of the
answers to these interrogatories and that the punishment for knowingly making a false
statement includes fines and/or imprisonment.
Dated: _________
 __________________________________
 Signature of Party
 Printed Name: ____________________
 Address: _________________________
 City, State, Zip: ________________
 Telephone Number: ________________
 Fax Number: ______________________
STATE OF FLORIDA
COUNTY OF ______________
Sworn to or affirmed and signed before me on __________ by ______________.
 _____________________________
*476
 NOTARY PUBLIC or DEPUTY CLERK
 ___________________________________________
 [Print, type, or stamp commissioned name of
 notary or clerk.]
____ Personally known
____ Produced identification
____ Type of identification produced __________________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN
THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} ___________________,
a nonlawyer, located at {street} _____________, {city } _______________,
{state } _____________, {phone } ____________, helped {name } _________,
who is the [√ one only] ________ petitioner or ____ respondent, fill out this form.
NOTES
[1] Minor editorial amendments are also made. Additionally, some minor amendments proposed by the Committee in this case were also proposed in In re Amendments to Florida Family Law Rules, No. SC08-92, 995 So.2d 407, 2008 WL 4587198 (Fla. Oct. 16, 2008), and are being addressed by the Court in that case.
[2] An original and nine paper copies of all comments must be filed with the Court on or before December 15, 2008, with a certificate of service verifying that a copy has been served on the committee chair, Robyn L. Vines, 200 E. Broward Blvd., Fort Lauderdale, Florida XXXXX-XXXX, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until January 5, 2009, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).