PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Family Law Rules of Procedure and Florida Family Law Rules of Procedure Forms. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 In September 2008, the Family Law Rules Committee (committee) filed a “fast track report” proposing amendments to several family law rules and forms in response to chapter 2008-61, Laws of Florida. Chapter 2008-61 amended various sections of chapter 61, Florida Statutes, and related statutes. In general, the legislation removed the concepts of “custody,” “primary residential parent,” “visitation,” and similar terms from the statutes and instead requires the court to approve or establish a “parenting plan” delineating how the parents will share decision-making and responsibilities for a child and setting forth a “timesharing” schedule. In response to the legislation, the committee proposed amendments to rules 12.010 (Scope, Purpose, and Title); 12.200 (Case Management and Pretrial Conferences); 12.210 (Parties); 12.363 (Evaluation of Minor Child); 12.491 (Child Support Enforcement); 12.610 (Injunction for Domestic Repeat, Dating, and Sexual Violence); 12.650 (Override of Family Violence Indicator); and forms 12.900(b) (Notice of Limited Appearance); 12.900(c) (Consent to Limited Appearance by Attorney); 12.902(e) (Child Support Guidelines Worksheet); 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings); and 12.903(c) (Standard Family Law Interrogatories for Modification Proceedings).
 

 The Court adopted the proposed amendments and then published the amended rules and forms for comment.
 
 In re Amends. to Fla. Family Law Rules,
 
 995 So.2d 445, 446 (Fla.2008). One comment was filed by the Family Law Section of The Florida Bar. The committee has filed a response proposing additional changes to rules 12.363 and 12.650 and forms 12.900(b), 12.900(c), 12.930(b), and 12.930(c) in accordance with the Family Law Section’s comment.
 

 After considering the comments and response, we further amend the rules and forms as proposed by the committee. The language of rule 12.363 (Evaluation of Minor Child) is amended to include the term “timesharing” and, instead of referring to a “parenting plan for a minor child,” refer to “ultimate decision-making” for the child. The committee note to rule 12.650 (Override of Family Violence Indicator) is amended to clarify that the court must adopt or establish a parenting plan. Paragraph 2.a. of form 12.900(b) (Notice of Limited Appearance) and paragraph 2.a. of form 12.900(c) (Consent to Limited Appearance by Attorney) are amended to refer to “Parental responsibility and time-sharing,” rather than “Parental responsibility, including establishing a parenting plan,” in order to better reflect the issue upon which limited representation is being provided. Paragraph 6.e. of form 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings) is amended to remove the word “contact” in favor of the current term of art “timesharing” and add the words “supervised or otherwise restricted” to clarify that the paragraph is seeking not only
 
 *952
 
 limitations in time, but also in how the timesharing is to be conducted. Finally, paragraphs 6.c. and 6.d. of form 12.930(c) (Standard Family Law Interrogatories for Modification Proceedings) are amended to clarify the information being sought by the interrogatory.
 

 Accordingly, the Florida Family Law Rules of Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amended family law forms are set forth fully engrossed and ready for use. The amended rules and forms shall become effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 12.363. EVALUATION OF MINOR CHILD
 

 (a) Appointment of Mental Health Professional or Other Expert.
 

 (1)When the issue of time-sharing, parental responsibility, ultimate decision-making, or a parenting plan for a minor child is in controversy, the court, on motion of any party or the court’s own motion, may appoint a licensed mental health professional or other expert for an examination, evaluation, testing, or interview of any minor child or to conduct a social or home study investigation. The parties may agree on the particular expert to be appointed, subject to approval by the court. If the parties have agreed, they shall submit an order including the name, address, telephone number, area of expertise, and professional qualifications of the expert. If the parties have agreed on the need for an expert and cannot agree on the selection, the court shall appoint an expert.
 

 (2) After the examination, evaluation, or investigation, any party may file a motion for an additional expert examination, evaluation, interview, testing, or investigation by a licensed mental health professional or other expert. The court upon hearing may permit the additional examination, evaluation, testing, or interview based on good cause shown that further examinations, testing, interviews, or evaluations would be in the best interests of the minor child.
 

 (3) Any order entered under this rule shall specify the issues to be addressed by the expert.
 

 (4) Any order entered under this rule may require that all interviews of the child be recorded and the tapes be maintained as part of the expert’s file.
 

 (5) The order appointing the expert shall include an initial allocation of responsibility for payment.
 

 (6) A copy of the order of appointment shall be provided immediately to the expert by the court unless otherwise directed by the court. The order shall direct the parties to contact the expert or investigator appointed by the court to establish an appointment schedule to facilitate timely completion of the evaluation.
 

 (b)-(e) [No change]
 

 Committee Note
 

 [No change]
 

 RULE 12.650. OVERRIDE OF FAMILY VIOLENCE INDICATOR
 

 (a)-(i) [No change]
 

 
 *953
 
 Commentary
 

 [No change]
 

 Committee note
 

 2008 Amendment. Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as “custodial parent,” “noncustodial parent,” and “visitation” from Chapter 61, Florida Statutes. Instead, parents are to formulatethe court adopts or establishes a parenting plan that includes, among other things, theira time-sharing schedule for theirthe minor children. These statutory changes are reflected in the amendments to the definitions in this rule. However, because 42
 
 U.S.C.
 
 § 653 includes the terms “custody” and “visitation,” these terms have not been excised from the remainder of the rule.
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b), NOTICE OF LIMITED APPEARANCE (09/09)
 

 When should this form be used?
 

 This form should be used to provide notice to the court and the other attorney or party when an attorney is making a limited appearance for a client under Florida Family Law Rule of Procedure 12.040.
 

 This form should be typed or printed in black ink. After completing and signing this form, the attorney should file the original with the clerk of the circuit court in the county in which the action is pending and keep a copy for his or her records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party or his or her attorney and to the attorney’s client.
 

 Where can I look for more information?
 

 See Florida Family Law Rule of Procedure 12.040.
 

 IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_ IN AND FOR _ COUNTY, FLORIDA
 

 Case No.: _
 

 Division: _
 

 Petitioner,
 

 and
 

 Respondent.
 

 NOTICE OF LIMITED APPEARANCE
 

 {Attorney’s name}
 
 _ files this Notice of Limited Appearance on behalf of {name,} _, [/ one only] () Petitioner () Respondent, for the following limited purpose(s) [/ all that apply]:
 

 1. _ The hearing set for
 
 {date}
 
 _, at {time}_on the issue(s) of {specify}_
 

 2. _ To represent [/ one only] () Petitioner () Respondent on the following issues throughout the proceedings:
 

 a. _Parental responsibility and time-sharing.
 

 b. _Equitable distribution of marital assets and liabilities.
 

 c. _Alimony.
 

 d. _Child support.
 

 e. _ Other
 
 {specify}:
 

 The clerk of the above-styled court is requested to enter this notice of record.
 

 Copies of all future court papers should be mailed to the undersigned attorney at
 
 *954
 
 the address listed and to the [/ one only] () Petitioner () Respondent at
 
 {name, address, and telephone number}
 

 I certify that a copy of this notice of limited appearance was: () mailed, () faxed and mailed, or () hand delivered to the person(s) listed below on
 
 {date}
 

 Other party or his/her attorney:
 

 Name: _
 

 Address: -
 

 City, State, Zip: _
 

 Fax Number: _
 

 Signature of Attorney
 

 Printed Name: __
 

 Address: _
 

 City, State, Zip: _
 

 Telephone Number: _
 

 Florida Bar Number
 

 Signature of Petitioner/Respondent
 

 Printed Name: _
 

 Address: _
 

 City, State, Zip: _
 

 Telephone Number: _
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(c), CONSENT TO LIMITED APPEARANCE BY ATTORNEY (09/09)
 

 When should this form be used?
 

 This form should be used for a client to give consent when an attorney is making a limited appearance for the client under Florida Family Law Rule of Procedure 12.040.
 

 This form should be typed or printed in black ink. After completing this form, the client should sign it. The attorney or client should then file it with the clerk of the circuit court in the county in which the action is pending. The attorney and client should each keep a copy for his or her records.
 

 What should I do next?
 

 A copy of this form must be mailed or hand delivered to the other party or his or her attorney.
 

 Where can I look for more information?
 

 See Florida Family Law Rule of Procedure 12.040.
 

 IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_ IN AND FOR _ COUNTY, FLORIDA
 

 Case No.: _
 

 Division: _
 

 Petitioner,
 

 and
 

 Respondent.
 

 CONSENT TO LIMITED APPEARANCE BY ATTORNEY
 

 {Name}_, the [/ one only] () Petitioner () Respondent, consents to the limited representation by counsel, {ai-
 
 tomey’s name}
 
 _, for the following limited purpose(s) [/ all that apply]:
 

 1. _ The hearing set for
 
 {date}
 
 _at
 
 {time}
 
 on the issue(s) of {specify}-
 

 2. _ To represent [/ one only] () Petitioner () Respondent on the fol
 
 *955
 
 lowing issues throughout the proceedings:
 

 a. _ Parental responsibility and time-sharing.
 

 b. _Equitable distribution of marital assets and liabilities.
 

 c. _Alimony.
 

 d. _Child support.
 

 e. _ Other
 
 {specify}:
 

 The clerk of the above-styled court is requested to enter this notice of record.
 

 I certify that a copy of this consent to limited appearance was: () mailed, () faxed and mailed, or () hand delivered to the person(s) listed below on
 
 {date}
 

 Other party or his/her attorney:
 

 Name: _
 

 Address: _
 

 City, State, Zip: _
 

 Fax Number: _
 

 Signature Petitioner/Respondent
 

 Printed Name: _
 

 Address: _
 

 City, State, Zip: _
 

 Telephone Number: _
 

 Fax Number_
 

 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
 

 I,
 
 {full legal name and trade name of nonlawyer}
 
 _, a nonlawyer, located at
 
 {street}
 
 -,
 
 {city}
 
 -,
 
 {state}
 
 _,
 
 {phone}
 
 __, helped
 
 {name}
 
 _, who is the [/ one only] _petitioner or_respon-dent, fill out this form.
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b), STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (09/09)
 

 When should this form be used?
 

 This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
 

 The questions in this form should be used in original proceedings or enforcement proceedings and are meant to supplement the information provided in the Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
 

 This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send 2 copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the Notice of Ser
 
 *956
 
 vice of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure, and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
 

 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided in Florida Rule of Civil Procedure 1.340(c). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_ IN AND FOR _ COUNTY, FLORIDA
 

 Case No.: _
 

 Division: _
 

 Petitioner,
 

 and
 

 Respondent.
 

 
 *957
 
 STANDARD FAMILY LAW INTERROGATORIES
 

 FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
 

 [[Image here]]
 

 The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.
 

 I,{name of person answering interrogatories}
 
 _, being sworn, certify that the following information is true:
 

 1. BACKGROUND INFORMATION:
 

 a. State your full legal name and any other name by which you have been known.
 

 b. State your present residence and telephone numbers.
 

 c. State your place and date of birth.
 

 2.EDUCATION:
 

 a. List all business, commercial, and professional licenses that you have obtained.
 

 b. List all of your education including, but not limited to, vocational or specialized training, including the following:
 

 (1) name and address of each educational institution.
 

 (2) dates of attendance.
 

 (3) degrees or certificates obtained or anticipated dates of same.
 

 3.EMPLOYMENT:
 

 a. For each place of your employment or self-employment during the last 3 years, state the following:
 

 (1) name, address, and telephone number of your employer.
 

 (2) dates of employment.
 

 (3) job title and brief description of job duties.
 

 (4) starting and ending salaries.
 

 
 *958
 
 (5) name of your direct supervisor.
 

 (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
 

 b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
 

 (1) name, address, and telephone number of each activity.
 

 (2) dates you were connected with such activity.
 

 (3) position title and brief description of activities.
 

 (4) starting and ending compensation.
 

 (5) name of all persons involved in the business, commercial, or professional activity with you.
 

 (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
 

 c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.
 

 4. ASSETS:
 

 a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:
 

 (1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
 

 (2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.
 

 (3) the fair market value on the date of your separation from your spouse.
 

 (4) the fair market value on the date of the filing of the petition for dissolution of marriage.
 

 b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last
 
 *959
 
 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest.
 

 (3) the date you acquired your interest.
 

 (4) the purchase price.
 

 (5) the present fair market value.
 

 (6) the fair market value on the date of your separation from your spouse.
 

 (7) the fair market value on the date of the filing of the petition for dissolution of marriage.
 

 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
 

 (1) the percentage and type interest you hold..
 

 (2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
 

 (3) the date you acquired your interest.
 

 (4) the purchase price, acquisition cost, or loaned amount.
 

 (5) the fair market value or the amounts you claim are owned by or owed to you:
 

 (a) presently, at the time of answering these interrogatories.
 

 (b) on the date of your separation from your spouse.
 

 (c) on the date of the filing of the petition for dissolution of marriage.
 

 You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 
 *960
 
 d. Retirement Accounts: List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer. For each account, state the following:
 

 (1) the name and account number of each account/plan and where it is located.
 

 (2) the type of account/plan.
 

 (3) the name and address of the fiduciary plan administrator/service representative.
 

 (4) the fair market value of your interest in each account/plan.
 

 (a) present value.
 

 (b) value on the date of separation.
 

 (c) value on the date of filing of the petition for dissolution of marriage
 

 (5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
 

 (6) the date at which you became/become eligible to receive some funds in this account/plan.
 

 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 

 (8) beneficiaryfies) and/or alternate payee(s).
 

 e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) highest balance within each of the preceding 3 years.
 

 (6) lowest balance within each of the preceding 3 years.
 

 You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).
 

 f. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal
 
 *961
 
 or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) date account was closed.
 

 . Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
 

 (1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
 

 (a) identification of the estate, trust, insurance policy, or annuity.
 

 (b) the nature, amount, and frequency of any distributions of benefits.
 

 (c) the total value of the beneficiaries’ interest in the benefit.
 

 (d) whether the benefit is vested or contingent.
 

 (2) If you have established any trust or are the trustee of a trust, state the following:
 

 (a) the date the trust was established.
 

 (b) the names and addresses of the trustees.
 

 (c) the names and addresses of the beneficiaries.
 

 (d) the names and addresses of the persons or entities who possess the trust documents.
 

 (e) each asset that is held in each trust, with its fair market value.
 

 h. Canceled Life Insurance Policies. For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:
 

 (1) name of company that issued the policy and policy number.
 

 (2) name, address, and telephone number of agent who issued the policy.
 

 (3) amount of coverage.
 

 (4) name of insured.
 

 (5) name of owner of policy.
 

 (6) name of beneficiaries.
 

 (7) premium amount.
 

 (8) date the policy was surrendered.
 

 (9) amount, if any, of monies distributed to the owner.
 

 i. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
 

 
 *962
 
 j. Safe Deposit Boxes, Lock Boxes, Vaults, Etc. For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:
 

 (1) The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:
 

 (a) had a safe deposit box, lock box, or vault.
 

 (b) were a signatory or co-signatory on a safe deposit box, lock box, or vault.
 

 (c) had access to a safe deposit box, lock box, or vault.
 

 (d) maintained property.
 

 (2) The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.
 

 (3) All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.
 

 (4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.
 

 (5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.
 

 5. LIABILITIES:
 

 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the obligation is or was incurred.
 

 (3) loan or account number, if any.
 

 (4) nature of the security, if any.
 

 (5) payment schedule.
 

 (6) present balance and current status of your payments.
 

 (7) total amount of arrearage, if any.
 

 (8) balance on the date of your separation from your spouse.
 

 (9) balance on the date of the filing of the petition for dissolution of marriage.
 

 You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, re
 
 *963
 
 gardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) names of each person authorized to sign on the accounts.
 

 (4) account numbers.
 

 (5) present balance and current status of your payments.
 

 (6) total amount of arrearage, if any.
 

 (7) balance on the date of your separation from your spouse.
 

 (8) balance on the date of the filing of the petition for dissolution of marriage.
 

 (9) highest and lowest balance within each of the preceding 3 years.
 

 You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 c. Closed Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) names of each person authorized to sign on the accounts.
 

 (5) date the balance was paid off.
 

 (6) amount of final balance paid off.
 

 You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 6. MISCELLANEOUS:
 

 a. If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmar-ital property, state the amount claimed and all facts upon which you rely in your claim.
 

 b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.
 

 c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.
 

 d. Detail your proposed parenting plan for the minor ehild(ren), including your proposed time-sharing schedule. Alternatively, attach a copy of your proposed parenting plan.
 

 
 *964
 
 e. If you are claiming that the other parent’s time-sharing with the minor child(ren) should be limited, supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)’s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.
 

 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 

 I certify that a copy of this document was [/ one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on {date}_
 

 Other party or his/her attorney:
 

 Name: _
 

 Address: _
 

 City, State, Zip: __
 

 Fax Number: _
 

 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c), STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS (09/09)
 

 When should this form be used?
 

 This form should be used to ask the other party in your case to answer certain standard questions in writing. These questions are called interrogatories, and they must relate to your case. If the other party fails to answer the questions, you may ask the judge to order the other party to answer the questions. (You cannot ask these questions before the petition has been filed.)
 

 The questions in this form should be used in modification proceedings and are meant to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party needs to answer in order to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.
 

 This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer. You should send two copies of this form and the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to the other party. You should also keep a copy for your records. You do not need to file this form with the clerk of the circuit court. However, you must file the Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.
 

 Where can I look for more information?
 

 Before proceeding, you should read “General Information for Self-Repre
 
 *965
 
 sented Litigants” found at the beginning of these forms. For further information, see the instructions for Notice of Service of Standard Family Law Interrogatories, Florida Family Law Rules of Procedure Form 12.930(a), rules 12.280, 12.285, 12.340, and 12.380, Florida Family Law Rules of Procedure and rules 1.280, 1.340, and 1.380, Florida Rules of Civil Procedure.
 

 Special notes ...
 

 In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the judge.
 

 You may want to inform the other party of the following information: As a general rule, within 30 days after service of interrogatories, the other party must answer the questions in writing and mail (have postmarked) the answers to you. His or her answers shall be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions are made under oath or affirmation as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do not file the original or a copy with the clerk of the circuit court except as provided by Florida Rule of Civil Procedure 1.340(e). The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.
 

 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 

 IN THE CIRCUIT COURT OF THE JUDICIAL CIRCUIT,_ IN AND FOR _ COUNTY, FLORIDA
 

 Case No.: _
 

 Division: _
 

 Petitioner,
 

 and
 

 Respondent.
 

 STANDARD FAMILY LAW INTERROGATORIES
 

 FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS
 

 
 *966
 
 [[Image here]]
 

 The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.
 

 I,{name of person answering interrogatories}
 
 _being sworn, certify that the following information is true:
 

 1. BACKGROUND INFORMATION:
 

 a. State your full legal name and any other name by which you have been known.
 

 b. State your present residence and telephone numbers.
 

 c. State your place and date of birth.
 

 2.EDUCATION:
 

 a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.
 

 b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
 

 (1) name and address of each educational institution.
 

 (2) dates of attendance.
 

 (3) degrees or certificates obtained or anticipated dates of same.
 

 3.EMPLOYMENT:
 

 a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
 

 (1) name, address, and telephone number of your employer.
 

 (2) dates of employment.
 

 (3) job title and brief description of job duties.
 

 (4) starting and ending salaries.
 

 (5) name of your direct supervisor.
 

 (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses;
 
 *967
 
 payment of dues in any clubs or associations; and pension or profit sharing plans.
 

 b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
 

 (1) name, address, and telephone number of each activity.
 

 (2) dates you were connected with such activity.
 

 (3) position title and brief description of activities.
 

 (4) starting and ending compensation.
 

 (5) name of all persons involved in the business, commercial, or professional activity with you.
 

 (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.
 

 c. If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.
 

 4. ASSETS:
 

 a. Real Estate. State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:
 

 (1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.
 

 (2) the present fair market value.
 

 b. Tangible Personal Property. List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 
 *968
 
 (2) the names and addresses of any other persons or entities holding any interest.
 

 (3) the present fair market value.
 

 c. Intangible Personal Property. Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trusts, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:
 

 (1) the percentage and type interest you hold.
 

 (2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.
 

 (3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.
 

 You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. However, if the date of acquisition, the purchase price, and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 d. Retirement Accounts: List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer or any previous employer. For each account, state the following:
 

 (1) the name and account number of each account/plan and where it is located.
 

 (2) the type of account/plan.
 

 (3) the name and address of the fiduciary plan administrator/ service representative
 

 
 *969
 
 (4) the present fair market value of your interest in each account/plan.
 

 (5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.
 

 (6) the date at which you became/become eligible to receive some funds in this aecount/plan.
 

 (7) monthly benefits of the account/plan if no fair market value is ascertained.
 

 (8) beneficiary(ies) and/or alternate payee(s).
 

 e. Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) names of each person authorized to make withdrawals from the accounts.
 

 (5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
 

 (6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
 

 You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 f. Closed Financial Accounts. For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the:
 

 (1) name and address of each institution.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) name of each person authorized to make withdrawals from the accounts.
 

 (5) date account was closed.
 

 
 *970
 
 g. Trust. For any interest in an estate, trust, insurance policy, or annuity, state the following:
 

 (1) if you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:
 

 (a) identification of the estate, trust, insurance policy, or annuity.
 

 (b) the nature, amount, and frequency of any distributions of benefits.
 

 (c) the total value of the beneficiaries’ interest in the benefit.
 

 (d) whether the benefit is vested or contingent.
 

 (2) if you have established any trust or are the trustee of a trust, state the following:
 

 (a) the date the trust was established.
 

 (b) the names and addresses of the trustees.
 

 (c) the names and addresses of the beneficiaries.
 

 (d) the names and addresses of the persons or entities who possess the trust documents.
 

 (e) each asset that is held in each trust, with its fair market value.
 

 h. Name of Accountant, Bookkeeper, or Records Keeper. State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.
 

 5. LIABILITIES:
 

 a. Loans, Liabilities, Debts, and Other Obligations. For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the obligation is or was incurred.
 

 (3) loan or account number, if any.
 

 (4) nature of the security, if any.
 

 (5) payment schedule.
 

 (6) present balance and current status of your payments.
 

 (7) total amount of arrearage, if any.
 

 You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 b. Credit Cards and Charge Accounts. For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or
 
 *971
 
 was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of the creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) name of each person authorized to sign on the accounts.
 

 (4) account numbers.
 

 (5) present balance and current status of your payments.
 

 (6) total amount of arrearage, if any.
 

 (7) highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.
 

 You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 c. Closed Credit Cards and Charge Accounts. As to all financial accounts (credit card, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
 

 (1) name and address of each creditor.
 

 (2) name in which the account is or was maintained.
 

 (3) account numbers.
 

 (4) name of each person authorized to sign on the accounts.
 

 (5) date the balance was paid off.
 

 (6) amount of final balance paid off.
 

 You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).
 

 6. MISCELLANEOUS:
 

 a. If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your ease, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim. If unemployed, state how, why, and when you lost your job.
 

 b. If you are claiming a change in a mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support es
 
 *972
 
 tablished in your case, describe in detail how your mental and/or physical capacity has changed and state all facts upon which you rely in your claim. Identify the change in your mental and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.
 

 c. If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change of circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your proposed parenting plan.
 

 d. If you do not feel the requested change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe in detail any facts that you feel justify the Court denying the requested change. State what requested change, if any, in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).
 

 7. LONG FORM AFFIDAVIT: If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.
 

 I certify that a copy of this document was [/ one only] () mailed () faxed and mailed () hand delivered to the person(s) listed below on
 
 {date}
 

 Other party or his/her attorney:
 

 Name: _
 

 Address: _
 

 City, State, Zip: _
 

 Fax Number: _
 

 I understand that I am swearing or affirming under oath to the truthfulness of the answers to these interrogatories and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
 

 Dated: _
 

 Signature Petitioner/Respondent
 

 Printed Name: _
 

 Address: _
 

 City, State, Zip: _
 

 Telephone Number: _
 

 Fax Number: ___
 

 STATE OF FLORIDA
 

 
 *973
 
 COUNTY OF_
 

 Sworn to or affirmed and signed before me on_by-
 

 NOTARY PUBLIC or DEPUTY CLERK
 

 [Print, type, or stamp commissioned name of notary or clerk.]
 

 _ Personally known
 

 _ Produced identification
 

 Type of identification produced
 

 IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW: [fill in all blanks]
 

 I,{full legal name and trade name of nonlawyer}
 
 _, a nonlaw-yer, located at {street}_,
 
 {city}
 
 _, {state}_, {phone}_, helped
 
 {name}
 
 _, who is the [/ one only] _ petitioner or __re-spondent, fill out this form.